1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

DONALD WILLIS and VIOLA WILLIS,

Case No. 12cv744-BTM-DHB

11

Plaintiffs,

**ORDER DENYING MOTIONS TO REMAND**

v.

12
13

BUFFALO PUMPS, INC., et al.

14

Defendants.

15
16
17
18
19
20
21
22
23
24
25

On April 25, 2012, Plaintiffs filed motions to remand in this Court, both under this case number, 12-cv-744-BTM-DHB, and under 12-cv-819-IEG-DHB (ECF Nos. 78 & 82 in 12-cv-744 and ECF Nos. 10 & 14 in 12-cv-819).  The cases have since been consolidated.[1]  See ECF No. 97.[2]  Since the two motions to remand are virtually identical, the Court addresses both motions together.  Oppositions to the motions were filed by defendants Crane Co. (ECF No. 95), VIAD Corp. (ECF No. 103), Foster Wheeler Energy Corp. (ECF No. 106), CBS Corporation (ECF No. 107), Carrier Corp. (ECF No. 108), and Buffalo Pumps, Inc. (ECF No. 109) (collectively, "Defendants").  VIAD Corp. and Carrier Corp. has since been dismissed from the action.  See ECF Nos. 177 & 201.  For the reasons below, the Court **DENIES** Plaintiffs' motions to remand.

26
27
28

---

[1]Plaintiffs originally filed a single action in state court, but Defendants Viad Corporation and Foster Wheeler Energy Corp. filed separate removals, and each removal was given its own case number in federal court.  Plaintiff filed the same set of motions under both case numbers.

[2]All docket references are to 12-cv-744 except where otherwise noted.

1

## I. BACKGROUND

Plaintiffs allege that Plaintiff Donald Willis suffers from malignant mesothelioma as a result of his exposure to asbestos while working for the U.S. Navy.  Plaintiffs further allege that Defendants manufactured and/or supplied products containing asbestos on the Navy ships on which Mr. Willis worked.

Plaintiffs brought the two actions in state court, but both were timely removed by Defendants pursuant to 28 U.S.C. § 1442(a)(1).  Under that provision, an action may be removed to federal court if brought against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) ... for or relating to any act under color of such office..."

## II. DISCUSSION

In general, a defendant can only remove a case to federal court if the plaintiff could have brought the action there originally.  However, federal officer removal is an exception, whereby "suits against federal officers may be removed despite the nonfederal cast of the complaint" as long as the defense relies on federal law.  Jefferson County, Ala. v. Acker, 527 U.S. 423, 431 (1999).  Because federal officer removal looks to the defense and not to the complaint, the fact that Plaintiffs have disclaimed "any recovery for injuries caused by the directions or instructions of any federal officer," Mots. to Remand (ECF No. 78-2 at 3 & ECF No. 82-2 at 3), is irrelevant to whether Defendants have validly removed the action.  See Jefferson County, 527 U.S. at 431 ("[T]he federal-question element is met if the defense depends on federal law.").  Other courts in this district have reached the same conclusion.  See, e.g., Jenkins v. Allied Packing & Supply, Inc., et al., No. 09-cv-101-DMS-AJB (S.D.Cal. March 25, 2009).

Moreover, "the Supreme Court has mandated a generous interpretation of the federal officer removal statute," Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006), cautioning the lower courts to avoid a "narrow, grudging interpretation" of the statute where the underlying policy is to ensure that federal officers have ready access to "the

protection of a federal forum." <u>Willingham v. Morgan</u>, 395 U.S. 402, 407 (1969). As the Ninth Circuit concluded in <u>Durham</u>, "when federal officers and their agents are seeking a federal forum, we are to interpret section 1442 broadly in favor of removal." 445 F.3d at 1252. Such agents include government contractors. <u>See</u> <u>Boyle v. United Technologies Corp.</u>, 487 U.S. 500, 505-07 (1988).

To establish subject matter jurisdiction under § 1442(a)(1), a defendant must show: (a) that it is a "person" within the meaning of the statute; (b) that it was "acting under" the direction of a federal officer with regard to the conduct in question; (c) that there is a causal nexus between plaintiff's claims and defendant's conduct "under color of such office"; and (d) that the defendant can assert a colorable federal defense. <u>See</u> <u>Durham v. Lockheed Martin Corp.</u>, 445 F.3d 1247, 1251 (9th Cir. 2006). Plaintiffs do not contest that the Defendants are persons within the meaning of the statute.

As to the other three elements, it seems clear, both in terms of jurisprudence and analysis, that the most important element is whether Defendants can assert a colorable federal defense. In <u>Mesa v. California</u>, 489 U.S. 121, 129 (1989), the Supreme Court reaffirmed that "federal officer removal must be predicated on the allegation of a colorable federal defense." And in <u>Hagen v. Benjamin Foster Co.</u>, 739 F. Supp. 2d 770 (E.D. Pa. 2010), one of the MDL cases concerning asbestos product liability, the court concluded that a defendant who satisfies the colorable defense requirement will by extension have met the "acting under" and causal nexus prongs as well. <u>See</u> <u>id.</u> at 784-85.

To assert a colorable federal defense as a government contractor in the context of failure to warn claims,[3] the defendant must show: "(1) the United States exercised its discretion and approved the warnings, if any; (2) the contractor provided warnings that conformed to the approved warnings; and (3) the contractor warned the United States of the dangers in the equipment's use about which the contractor knew, but the United States did

---

[3] While Plaintiffs raise other claims in their complaint, they only discuss the failure to warn claim in their motion to remand. Regardless, "[i]t is well settled that if one claim cognizable under Section 1442 is present, the entire action is removed... ." <u>Nat'l Audubon Soc. v. Dep't of Water & Power of City of Los Angeles</u>, 496 F. Supp. 499, 509 (E.D. Cal. 1980).

12cv744-BTM-DHB

not." <u>Getz v. Boeing Co.</u>, 654 F.3d 852, 866 (9th Cir. 2011) (citing <u>Oliver v. Oshkosh Truck Corp.</u>, 96 F.3d 992, 1003-04 (7th Cir. 1996)) (alteration omitted).  As the Ninth Circuit summed it up, "the contractor must demonstrate that the government approved reasonably precise specifications thereby limiting the contractor's ability to comply with its duty to warn.'" <u>Getz</u>, 654 F.3d at 866-67 (internal quotations and alternations omitted).

Thus, a defendant who alleges a colorable defense under this standard has also met the "acting under" prong because it must show that the United States actually exercised its discretion with regard to the warnings.  The defendant must also meet the casual nexus prong because it must show that the warnings the plaintiff alleges to be deficient conformed to what the United States approved.  The third element of the government contractor test further ensures that a contractor may not evade liability by simply keeping the United States in the dark about any dangers of which it was unaware.

Plaintiffs argue that government contractors asserting federal officer jurisdiction as grounds for removal bear a "special burden" as private actors.  <u>See</u> <u>Williams v. Gen. Elec. Co.</u>, 418 F. Supp. 2d 610, 614 (M.D. Pa. 2005) (citing <u>Freiberg v. Swinerton & Walberg Property Svcs., Inc.</u>, 245 F.Supp.2d 1144, 1150 (D.Col.2002)).  However, this argument does not accord with the case law in this circuit.  For instance, in <u>Durham</u>, <u>supra</u>, the removing defendant was a government contractor.  In articulating the standard for federal officer removal, the Ninth Circuit did not differentiate between federal agents and private parties acting at the direction of a federal agent.  <u>See</u> <u>Durham</u>, 445 F.3d at 1252-53.  Thus, the Court finds that Defendants, as government contractors, need not meet any additional burden under that defense.

But the government contractor defense is an affirmative one, so Defendants bear the burden of proof.  <u>Leite v. Crane Co.</u>, 868 F. Supp. 1023, 1030 (D. Haw. 2012) (citing <u>Snell v. Bell Helicopter Textron, Inc.</u>, 107 F.3d 744, 746 (9th Cir. 1997)).  Nonetheless, at this stage in the proceedings, the defense need only be "colorable."  <u>Id.</u> (citing <u>Mesa v. California</u>, 489 U.S. 121(1989)).  Therefore, the question is what evidence a defendant needs to produce to defeat a plaintiff's motion to remand.

1   As the court noted in Hagen, this issue is at the heart of the split in authority.  See 739

2   F. Supp. 2d at 777.  Mindful that "[t]he officer need not win his case before he can have it

3   removed," Willingham, 395 U.S. at 407, the Court adopts the standard laid out by the court

4   in Hagen and holds that "a defendant is entitled to removal under Section 1442(a)(1) where

5   the defendant identifies facts which, viewed in the light most favorable to the defendant,

6   entitle him or her to a complete defense." Hagen, 739 F. Supp. 2d at 778 (footnote omitted).

7   See also In re: Asbestos Products Liab. Litig. (No. VI), 830 F.Supp.2d 137, 139 (Dec. 13,

8   2011) (citing Hagen as one of the "many substantive and thoughtful rulings" providing "useful

9   guidance" for non-MDL courts with asbestos actions); Leite v. Crane Co., 868 F. Supp. 2d

10   1023, 1030-31 & 1038 (D. Haw. 2012) (drawing on the Hagen standard).

11   As in Hagen, the Court finds Defendants' proffered evidence to "plainly satisfy this

12   standard."[4]  739 F. Supp. 2d at 778.  The affidavits and exhibits submitted by Defendants

13   – including Navy product specifications, correspondence between the contractors and the

14   Navy as to the specifications, and sworn statements by naval officers with extensive

15   experience in engineering and inspection – amply demonstrate the Navy's "reasonably

16   precise specifications." The exhibits make clear that, per the colorable defense test, the

17   Navy exercised its discretion well beyond the bare minimum, and that the contractor's

18   products must have conformed to what the Navy approved or else they would have been

19   rejected.  See, e.g., Decl. of Roger B. Horne, Jr. ("Horne Decl.") (ECF No. 110-3) at ¶ 22;

20   Decl. of Martin K. Kraft (ECF No. 110-9) at ¶ 14.  The exhibits further show that the Navy had

21   state-of-the-art knowledge regarding the dangers of asbestos, see, e.g., Horne Decl. at ¶ 16,

22   and thus that there were no dangers about which the contractors knew but the Navy did not.

23   Plaintiff argues that the Ninth Circuit's opinions in Butler v. Ingalls Shipbuilding, Inc.,

24   89 F.3d 582 (9th Cir. 1996) and In re Hawaii Fed. Asbestos Cases, 960 F.2d 806 (9th Cir.

25   1992) means that the defendants must show that the Navy either told them they could not

26   

27   _____

28   [4] Because the Court views the evidence in the light most favorable to the defendants at this stage in the litigation, Plaintiffs' evidentiary objections are overruled.  However, the Court refers to the evidence submitted by the Defendant for the limited purpose of the motion to remand, without making any finding as to their credibility or weight.

provide warnings at all or dictated the exact wording of any such warnings.  However, this has been refuted outright by the Ninth Circuit in Getz v. Boeing Co., 654 F.3d 852, 867 (9th Cir. 2011), in which it stated:

> We are not persuaded by Plaintiffs' suggestion that our decisions in Butler and Hawaii Federal Asbestos limit the defense to cases in which the government specifically forbids warnings altogether or to instances where the government explicitly dictates the content of the warnings adopted. These cases only require that governmental approval (or disapproval) of particular warnings "conflict" with the contractor's "duty to warn under state law." To read these cases as limiting preemption to those instances where the government forbids additional warning or dictates the precise contents of a warning would be inconsistent with the Court's decision in Boyle. **Boyle makes clear that government discretion, rather than dictation, is the standard. *Accordingly, given that the Army considered, reviewed, and determined which warnings to provide, the government's exercise of discretion necessarily "conflicts" with the Contractors' "duty to warn under state law."***

Id. at 867 (citations omitted; emphasis added).  The evidence submitted by Defendants indicates that "[a]ny warning purportedly required by state law would not have found its way into a ship... unless it had been required specifically in the specifications for the product that were issued by the Navy."  Horne Decl. at ¶ 15.

Under the standard in Getz, it seems clear that the Navy exercised its discretion to the extent required to apply the federal contractor defense, and that Defendants otherwise meet the standard for presenting a colorable federal defense.  Defendants have offered numerous affidavits of people with extensive experience with government contracts for the Navy, on both the Navy and contractor side, who state that "[t]he U.S. Navy had complete control over every aspect of every piece of equipment ... includ[ing] which warnings should or should not be included."  Affidavit of Admiral Ben J. Lehman at ¶ 10 (ECF No. 106, Ex. 6).  See also Affidavit of J. Thomas Schroppe at ¶ 22 (ECF No. 106, Ex. 4) (noting that due to the Navy's detailed practices and procedures, "Foster Wheeler would not be permitted...to affix any type or warning or caution statement... beyond those required by the Navy.").  Defendants have also offered specific examples of the Navy's comprehensive specifications, both in terms of the design and any accompanying notices.  See, e.g., Def. Crane Co.'s

Notice of Joinder in Removal, Ex. 1 at 15 (ECF No. 4-1 at 66) (military specifications requiring a caution for packaging and packing and dictating said warning).  The evidence offered is indistinguishable from the myriad other asbestos cases in which Defendants have been involved where the court similarly denied the motion to remand.  See, e.g., Machnik v. Buffalo Pumps Inc., 506 F. Supp. 2d 99 (D. Conn. 2007); Carroll v. Buffalo Pumps, Inc., 3:08-CV-707(WWE), 2008 WL 4793725 (D. Conn. Oct. 27, 2008).

Since the Court holds that the defendants have alleged a colorable federal defense, these cases were properly removed.  Therefore, the Court **DENIES** Plaintiffs' motions to remand.

## III.  CONCLUSION

For the reasons above, the Court **DENIES** Plaintiffs' motions to remand (ECF Nos. 78 & 82 in 12-cv-744, and ECF Nos. 10 & 14 in 12-cv-819).

**IT IS SO ORDERED.**

DATED:  March 29, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court

12cv744-BTM-DHB