1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

9  | DONALD WILLIS and VIOLA WILLIS,          Case No. 12cv744-BTM-DHB

10 |                               Plaintiffs,  **ORDER GRANTING MOTION TO**
                                             **HAVE ADMISSIONS WITHDRAWN**
11 |     v.                                    **AND/OR AMENDED**

12 | BUFFALO PUMPS, INC., et al.

13 |                               Defendants.

14
15
16

On December 31, 2012, Plaintiffs filed a motion to withdraw or amend admissions under Fed.R.Civ.P. 36(b) (ECF No. 183).  For the reasons stated below, the Court **GRANTS** Plaintiffs' motion to withdraw or amend admissions.  The Court also **ORDERS** that discovery be re-opened for sixty (60) days as of the date of this order solely for discovery related to the admissions at issue, and refers the matter to Magistrate Judge Bartick to re-set the dates in the current scheduling order (ECF No. 179) as needed.

17
18
19
20
21
22

## I.  DISCUSSION

Under Federal Rule of Civil Procedure 36(b), "the court may permit withdrawal or amendment [of an admission] [1] if it would promote the presentation of the merits of the action and [2] if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  Rule 36(b) is permissive, and a court may deny a party's motion to withdraw or amend admissions even if both prongs are met.  Conlon v. United States, 474 F.3d 616, 624-25 (9th Cir. 2007).  However, the court must analyze both factors.  See id. at 625.  The court may also consider additional factors, such

23
24
25
26
27
28

1

as whether the moving party can show good cause for the delay or has a strong case on the merits, but the two factors enumerated in the rule are "central to the analysis." Id.

Defendant John Crane Inc. ("JCI") served written discovery, including Requests for Admission, on October 24, 2012. According to the declaration proffered by Plaintiffs, they responded to JCI's written discovery on November 26, 2012, but failed to serve responses to the Requests for Admissions. See Decl. of Kenneth O. Taylor III ("Taylor Decl.") (ECF No. 183-2), ¶ 3. Mr. Taylor further states in his declaration that the attorney managing the case left the firm shortly thereafter, and that no one noticed the oversight until counsel for JCI called them and informed them that the responses were overdue and would be deemed admitted. Id. at ¶¶4-5. He alleges that he contacted JCI's counsel on December 24, 2012 to seek a stipulation for more time to respond to the Requests for Admissions, defense counsel declined two days later, and so Plaintiffs filed the present motion. JCI does not appear to dispute any of this.

### a.   Presentation of the Merits

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." Conlon, 474 F.3d at 622 (internal quotations omitted) (quoting Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995)). The requests for admissions effectively ask Plaintiffs to concede their case. For instance, the first Request for Admission is, "Please admit that YOU did not inhale any asbestos fibers from any product placed into the stream of commerce by JCI." See Ex. A to Taylor Decl. Therefore, the Court finds that upholding the admissions would practically eliminate any presentation of the merits of the case.

### b.   Prejudice to the Nonmoving Party

The second prong of the Rule 36(b) test is whether withdrawing or amending the admissions would prejudice the nonmoving party in maintaining or defending the action on the merits.

> The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted.

Id. at 622 (internal quotations omitted) (quoting Hadley, 45 F.3d at 1348). The party relying on the admissions has the burden of proving prejudice. Id.

JCI argues that it is prejudiced because fact discovery closed on November 30, 2012, six days after Plaintiffs' responses were due, and that it has relied on these admissions in preparing its expert witnesses. The Court finds this insufficient to meet JCI's burden of demonstrating prejudice. JCI had the opportunity to depose Plaintiffs, and JCI does not indicate what specific additional discovery it would have engaged in had the matters not been deemed admitted. Furthermore, JCI deposed Plaintiffs before the Requests for Admissions were even served, so JCI could not have relied on the admissions in taking the depositions. Therefore, the Court finds that JCI would not be prejudiced were the admissions to be withdrawn and/or amended.

### c.    Other Considerations

As noted above, the Court may also consider other factors, such as whether Plaintiffs can show good cause for the delay. Although the Court declines to make a specific finding as to whether a personnel shift constitutes good cause, it notes that Rule 36(b) "seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice." Conlon, 474 F.3d at 622. While the Court strongly admonishes Plaintiffs' counsel to be more careful in the future, to uphold the admissions would circumvent litigation's goal of getting at the truth and would not substantially further the goal of efficiency.

JCI also argues that the Court should not consider Plaintiffs' motion because they filed it in violation of Local Rule 26.1, which requires the parties to meet and confer concerning disputed issues prior to filing motions regarding discovery. It is questionable whether the meet-and-confer occurred. However, while the Court once again warns Plaintiffs' counsel to tread carefully in the future, the Court finds that it would only

3

unnecessarily increase the expense of this litigation to require Plaintiffs to comply now. Therefore, since Plaintiffs meet both prongs of Rule 36(b)'s test, the Court **GRANTS** Plaintiffs' motion to withdraw and/or amend admissions.

## II. CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiffs' motion to withdraw and/or amend admissions (ECF No. 183). The Court further **ORDERS** that discovery be re-opened for sixty (60) days as of the date of this order solely for discovery related to the admissions at issue, and refers the matter to Magistrate Judge Bartick to re-set the dates in the current scheduling order (ECF No. 179) as needed.

IT IS SO ORDERED.

DATED:  April 4, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court

4

12cv744-BTM-DHB