Edward R. Hugo [Bar No. 124839]
Charles S. Park [Bar No. 161430]
BRYDON HUGO & PARKER
135 Main Street, 20th Floor
San Francisco, CA 94105
Telephone: (415) 808-0300
Facsimile: (415) 808-0333
Email: service@bhplaw.com

Attorneys for Defendant
FOSTER WHEELER ENERGY CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLA WILLIS, individually and as successor in interest to the estate of DONALD WILLIS, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>BUFFALO PUMPS, INC., et al.,<br><br>Defendants. | Case No. 3:12-cv-00744-BTM-DHB<br><br>Judge: Barry T. Moskowitz<br>Magistrate Judge: David H. Bartick<br><br>**DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER TO QUASH DEFENDANT JOHN CRANE, INC.'S CIVIL SUBPOENAS TO BANKRUPTCY TRUSTS**<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT<br><br>Date: May 27, 2014<br>Time: 3:30 p.m. |

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

3:12-cv-00744-BTM-DHB

DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH DEFENDANT JOHN CRANE, INC.'S CIVIL SUBPOENAS TO BANKRUPTCY TRUSTS

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

I. INTRODUCTION ........................................................................................................ 1

II. DISCUSSION ............................................................................................................... 2

   A. PLAINTIFF CITES TO NO AUTHORITY SUPPORTING HER MOTION TO QUASH THE BANKRUPTCY TRUST SUBPOENAS ........... 2

   B. PLAINTIFF'S BANKRUPTCY TRUST CLAIMS ARE RELEVANT AND DISCOVERABLE ................................................................................ 3

   C. BANKRUPTCY TRUST CLAIMS CANNOT BE CONSIDERED CONFIDENTIAL "SETTLEMENT NEGOTIATIONS" ................................ 5

   D. OTHER JURISDICTIONS ALSO HOLD THAT BANKRUPTCY TRUST INFORMATION IS DISCOVERABLE ............................................... 6

   E. PLAINTIFF'S MOTION TO QUASH SHOULD BE DENIED TO DISCOURAGE THE PATTERN OF SYSTEMATIC MISREPRESENTATIONS MADE TO INFLATE RECOVERIES ................ 8

III. CONCLUSION ........................................................................................................... 10

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

i    3:12-cv-00744-BTM-DHB

DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH DEFENDANT JOHN CRANE, INC.'S CIVIL SUBPOENAS TO BANKRUPTCY TRUSTS

# TABLE OF AUTHORITIES

Page

**CASES**

*Complex Asbestos Litig.*, Superior Court of the State of California,
County of San Francisco, Case No. CGC-84-828684 (June 29, 2012)................... 8

*Ferguson v. Lorillard Tobacco, Co., Inc.*,
MDL 875, 2011 WL 5903453 (E.D. Pa. Nov. 22, 2011) (Hey, M.J.).................... 7

*In re Garlock Sealing Technologies, LLC*,
504 B.R. 71 (Bankr. W.D. N.C. 2014)...................................................... 8, 9, 10

*National Union Fire Ins. Co. of Pittsburgh, PA v. Porter Hayden Co.*,
2012 WL 628493 (D. Md. Feb. 24, 2012) (Blake, J.) ............................................. 7

*Shepherd v. Pneumo-Abex, LLC*,
MDL 875, No. 09-91428, 2010 WL 3431633
(E.D. Pa. Aug. 30, 2010) (Hey, M.J.) ................................................................ 2, 3, 6

*Skinner v. Basco Drywall and Painting*,
Superior Court of California, County of Alameda,
Case No. RG11599223  (Aug. 3, 2012) (Lee, J.) ................................................. 2, 6

*Volkswagen of America, Inc. v. Superior Court*
(2006) 139 Cal.App.4th 1481, 1494, 1495 ........................................................ 2, 3, 6


**STATUTES**

Cal. Civ. Code § 1431.2 ...........................................................................................3

Ohio Rev. Code sec. 2307.952(A)(1)(a) .................................................................8


**RULES**

Fed. R. Evid. 408 .....................................................................................................3


**OTHER AUTHORITIES**

Furthering Asbestos Claim Transparency ("FACT") Act of 2013 (H.R. 982)........... 8

BRYDON HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

ii                                                         3:12-cv-00744-BTM-DHB

DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH DEFENDANT JOHN CRANE, INC.'S CIVIL SUBPOENAS TO BANKRUPTCY TRUSTS

## I. INTRODUCTION

Defendant FOSTER WHEELER ENERGY CORPORATION ("Foster Wheeler") has been meeting and conferring with Plaintiff in order to obtain copies of any claims or demands made by Decedent or Plaintiff to asbestos-related bankruptcy trusts, including any bankruptcy trust claim forms, as requested in Foster Wheeler's Request for Production of Documents.  By email dated March 28, 2014 Plaintiff's counsel produced certain "documents pertinent to plaintiffs' Bankruptcy [sic] trust claims," and by email dated April 17, 2014 clarified that those "documents were for the bankruptcy trust for Eagle Picher.  That is the only bankruptcy trust claim plaintiff has made."  (See Foster Wheeler's Request for Production of Documents and Things to Plaintiff Viola Willis, Set One (WD), Request No. 10; Plaintiff's Responses to Foster Wheeler's Request for Production of Documents and Things to Plaintiff Viola Willis, Set One (WD), Response No. 10; and the email thread between counsel for Foster Wheeler and counsel for Plaintiff.)[1]

When co-defendant John Crane Inc. issued civil subpoenas to various bankruptcy trusts, however, Plaintiff filed a Motion to Quash John Crane Inc.'s Civil Subpoenas to Bankruptcy Trusts (the "Motion to Quash") (Doc No. 320).  Plaintiff's Motion to Quash indicates that she has bankruptcy trust claim documents that have been withheld from Foster Wheeler, contrary to Plaintiff's counsel's representations to Foster Wheeler's counsel.

The documents sought by John Crane Inc.'s civil subpoenas are also responsive to Foster Wheeler's written discovery requests.  Accordingly, Foster Wheeler requested leave to file an Opposition to Plaintiff's Motion to Quash.  By

---

[1] Foster Wheeler's Request for Production of Documents, Plaintiff's Response thereto, and the email thread between counsel for Foster Wheeler and counsel for Plaintiff, are attached, respectively, as Exhibits A, B, and C to the Declaration of Charles S. Park in Support of Foster Wheeler's Opposition to Plaintiff's Motion to Quash Defendant John Crane Inc.'s Civil Subpoenas to Bankruptcy Trusts (the "Park Decl.").

BRYDON HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

1   3:12-cv-00744-BTM-DHB
DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH DEFENDANT JOHN CRANE, INC.'S CIVIL SUBPOENAS TO BANKRUPTCY TRUSTS

Order dated April 30, 2014 (Doc No. 325), this Court granted Foster Wheeler's request.  Foster Wheeler hereby submits its Opposition to Plaintiff's Motion to Quash.

## II.   DISCUSSION

### A.   PLAINTIFF CITES TO NO AUTHORITY SUPPORTING HER MOTION TO QUASH THE BANKRUPTCY TRUST SUBPOENAS

In her Motion to Quash, Plaintiff argues that the subpoenas for the bankruptcy trust documents invade "Plaintiff's right to privacy in financial records, and the confidentiality of settlement information."  (See generally Plaintiff's Motion to Quash, at pp. 3-8.)

These same arguments have been made in other asbestos-related actions, and rejected by both state and federal courts.  As Plaintiff's counsel is no doubt aware, courts that have ruled on the production of asbestos bankruptcy trust documents have consistently held that they are discoverable and "unquestionably are directly pertinent to the claim" plaintiff asserts against defendants.  (*Volkswagen of America, Inc. v. Superior Court* (2006) 139 Cal.App.4th 1481, 1495; *Shepherd v. Pneumo-Abex, LLC*, MDL 875, No. 09-91428, 2010 WL 3431633 (E.D. Pa. Aug. 30, 2010) (Hey, M.J.); *Skinner v. Basco Drywall and Painting, et al.*, Superior Court of California, County of Alameda, Case No. RG11599223, Order Granting Defendant Union Carbide Corporation's Motion to Compel Production of Bankruptcy Claim Trust Forms (Aug. 3, 2012) (Lee, J.).) [2]

Further, even if deemed settlement offers or compromises, the statements regarding exposure to bankrupt entities' products in such documents are relevant and admissible to establish lack of causation, to impeach the plaintiff's credibility,

---

[2] *Shepherd v. Pneumo-Abex, LLC*, MDL 875, No. 09-91428, 2010 WL 3431633 (E.D. Pa. Aug. 30, 2010) (Hey, M.J.) and the *Skinner* Order are attached, respectively, as Exhibits D and E to the Park Decl.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

2    3:12-cv-00744-BTM-DHB
DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH DEFENDANT JOHN CRANE, INC.'S CIVIL SUBPOENAS TO BANKRUPTCY TRUSTS

as statements of fact made during settlement negotiations, and as admissions on the face of the documents. (See Fed. R. Evid. 408(b).)

Although Plaintiff argues that the trust claims are not discoverable, she has not supported her argument with any facts, nor has she provided a privilege log that would allow meaningful consideration of her objection. Further, Plaintiff does not cite to any relevant authority supporting her position, i.e., opinions holding that asbestos bankruptcy trust claims are protected from disclosure. Rather than analyzing any cases that actually address this issue, Plaintiff instead discusses the "inalienable right" of privacy as a "fundamental interest" of our society and its members, and other platitudes that have no bearing on bankruptcy trust documents. (See Motion to Quash, at p. 4.) As discussed further below, Plaintiff's arguments are legally and factually erroneous, not least of which because bankruptcy trust documents are "more analogous" to complaints than to offers or settlement or compromise. (See, e.g., *Volkswagen, supra*, 139 Cal.App.4th at 1494 ["claim form is more likely to be analogous to a complaint than to a settlement demand"]; *Shepherd, supra*, 2010 WL 3431633, at *2 ["claim made to a bankruptcy trust is more analogous to a complaint than an offer of settlement or compromise"].)

### B. PLAINTIFF'S BANKRUPTCY TRUST CLAIMS ARE RELEVANT AND DISCOVERABLE

Plaintiff urges the Court to quash the subpoenas because "all documents requested from the Trusts consist of Plaintiff's irrelevant, inadmissible and privileged financial matters as well as confidential settlement agreements." (Motion to Quash, at p. 8.) Not so.

As the California Court of Appeal affirmed in *Volkswagen of America v. Superior Court* (2006) 139 Cal.App.4th 1481, Foster Wheeler has an undeniable right to pursue discovery regarding bankruptcy trust claims, including the materials submitted on Plaintiff's behalf, as such information is highly relevant and reasonably

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

3     3:12-cv-00744-BTM-DHB
DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH DEFENDANT JOHN CRANE, INC.'S CIVIL SUBPOENAS TO BANKRUPTCY TRUSTS

likely to lead to the discovery of admissible evidence.  In *Volkswagen*, (also an asbestos-related personal injury action), defendant Volkswagen requested the production of all documents submitted by plaintiff Buddy Rusk, Sr. to bankruptcy trusts.  Rusk refused to produce those documents, but the court held:

> The materials submitted in support of Rusk opposition to the motion to produce indicate that, either as part of the claim form itself or as a separate document submitted in conjunction with the claim form, Rusk has provided the bankruptcy trusts with factual information concerning both his work history and his medical condition.  Both unquestionably are directly pertinent to the claim Rusk is asserting against Volkswagen.

(*Volkswagen, supra*, 139 Cal.App.4th at 1497.)  The *Volkswagen* Court added: "If the requested information is reasonably calculated to lead to admissible evidence, which includes admissions against interest, discovery should be permitted."  (*Ibid.* (citations omitted).)  Any statement made by Decedent, Plaintiff or their agents about the extent of Decedent's injuries and the basis for the claim against any particular entity is an admission and should be admitted into evidence.

Notably, Plaintiff mischaracterizes to this Court the holding in *Volkswagen*.  Plaintiff cites *Volkswagen* for the proposition that "a heightened standard of discovery may be justified when dealing with information which, though not privileged, is sensitive or confidential."  (See Plaintiff's Motion to Quash, at p. 6.)  However, Plaintiff omits the very next section of *Volkswagen*, which concluded that such a heightened standard is <u>not</u> justified in the case of bankruptcy trust documents:

> Nonetheless, the cases that have approved a heightened standard are concerned primarily with protecting particularly sensitive matters, such as sexual or psychiatric histories, or the privacy interests of third parties.  In contrast, what is at issue here is information bearing on the very injury for which Rusk himself is suing Volkswagen.  No third party interests are at stake.  There is no reason to provide heightened protection for information concerning Rusk's work history, which plainly is relevant and not confidential, or concerning his medical condition which is directly at issue and undoubtedly substantially disclosed in materials that have already been produced during the course of discovery.

(*Volkswagen, supra,* 139 Cal.App.4th at 1492 (citation omitted, footnote omitted).)

BRYDON HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

4   3:12-cv-00744-BTM-DHB
DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH DEFENDANT JOHN CRANE, INC.'S CIVIL SUBPOENAS TO BANKRUPTCY TRUSTS

1    Here, the requested information pertaining to these claim forms is not
2    privileged and, as was recognized by the *Volkswagen* court, is highly relevant to a
3    proper determination of Foster Wheeler's proportionate liability, if any.  Under
4    California substantive law, "[e]ach defendant shall be liable only for the amount of
5    non-economic damages allocated to that defendant in direct proportion to that
6    defendant's percentage of fault …" (Cal. Civ. Code § 1431.2.)  If Decedent
7    (or Plaintiff) made statements under oath that certain bankrupt entities are
8    responsible for his exposure to asbestos, those statements are relevant to the present
9    lawsuit and bear directly on the allocation of liability for any noneconomic damages.
10   "Since each party who shares responsibility for any asbestos related disease from
11   which a claimant suffers is liable only for its proportionate share of noneconomic
12   damages, each will understandably be concerned to determine whether the claimant
13   has overstated its share of responsibility." (*Volkswagen, supra,* 139 Cal.App.4th at
14   1495 (citation omitted).)  No privileges apply to prevent disclosure of information
15   pertaining to any bankruptcy trust claim that Plaintiff may have made or the
16   production of the actual forms.

**C.   BANKRUPTCY TRUST CLAIMS CANNOT BE CONSIDERED CONFIDENTIAL "SETTLEMENT NEGOTIATIONS"**

19   Plaintiff explains that the trustees of the bankruptcy trusts implement and
20   administer Trust Distribution Procedures ("TDPs"), which set forth the manner in
21   which claims are to be submitted and paid, and which establish medical and
22   exposure criteria for valuing the claims ("matrix values").  Plaintiff argues that
23   because the value of the claims is determined by matrix values based on information
24   provided in the claims, "[a]ll of the information and related documentation are part
25   and parcel of ongoing settlement negotiations between the claimant or claimant's
26   counsel and the Trust," which are confidential.  (See Motion to Quash, at pp. 7-8.)
27   In addition, Plaintiff argues that because settlement agreements generally contain

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

5                                      3:12-cv-00744-BTM-DHB
DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO
QUASH DEFENDANT JOHN CRANE, INC.'S CIVIL SUBPOENAS TO BANKRUPTCY TRUSTS

"confidentiality clauses," she should not be required to disclose settlement information absent a showing of a compelling need. (See Motion to Quash, at p. 6.)

Again, similar arguments have been rejected by the courts in other asbestos-related actions. For example, in *Skinner v. Basco Drywall and Painting*, Superior Court of California, County of Alameda, Case No. RG11599223 (Aug. 3, 2012), attached as Exhibit E to the Park Decl., Judge Lee held that:

> Upon review of the trust documents submitted, the court finds that the claim documents sought by Defendant are analogous to complaints, not settlement proposals or demands. Volkswagen of America, Inc. v. Superior Court (2006) 139 Cal.App.4th 1481, 1489-1490 ("Volkswagen"). The court does not agree with Plaintiff counsel's position that the submission of a claim under a TDP is either an agreement to settle at the stated amounts in the schedule set up by the TDP (when the expedited option is chosen) or an offer to negotiate (when the individualized review option is chosen) thus precluded from discovery.

(*Id.* at pp. 1 and 2.) And with respect to plaintiff's "confidentiality clause" argument, Judge Lee held:

> Moreover, while the confidentiality provisions may prevent the Trust and trust claimants from using settlement discussions or proposals against each other in bankruptcy or other proceedings, their agreement cannot prevent a third party sued in an unrelated action from pursuing appropriate discovery. Finally, the court finds nothing in the language of these confidentiality provisions that would include the initial claim itself as a "settlement" offer or demand, notwithstanding Plaintiff counsel's arguments to the contrary.

(*Id.* at p. 2.)

**D.    OTHER JURISDICTIONS ALSO HOLD THAT BANKRUPTCY TRUST INFORMATION IS DISCOVERABLE**

Other jurisdictions, including federal courts, have found the reasoning in *Volkswagen* persuasive and have ordered the production of bankruptcy trust claims and the information therein. In *Shepherd v. Pneumo-Abex, LLC*, MDL 875, No. 09-91428, 2010 WL 3431633 (E.D. Pa. Aug. 30, 2010) (Hey, M.J.), attached as Exhibit D to the Park Decl., the District Court held that "the evidence sought by Defendants contained in the claims submitted to the bankruptcy trusts is discoverable … [and] relevant to Plaintiff's claim that exposure to Defendants'

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

6                                                         3:12-cv-00744-BTM-DHB
DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH DEFENDANT JOHN CRANE, INC.'S CIVIL SUBPOENAS TO BANKRUPTCY TRUSTS

asbestos was a substantial factor in causing the decedent's illness, and the related defense." (*Id*. at *2; see also *Ferguson v. Lorillard Tobacco, Co., Inc.*, MDL 875, 2011 WL 5903453, *1 (E.D. Pa. Nov. 22, 2011) (Hey, M.J.) ("Plaintiff shall respond to the discovery seeking information and documents relating to other claims submitted by Plaintiff to recover compensation for asbestos-related injuries, including claims submitted to bankruptcy trusts."); *National Union Fire Ins. Co. of Pittsburgh, PA v. Porter Hayden Co.*, 2012 WL 628493, *4 (D. Md. Feb. 24, 2012) (Blake, J.) ("Several courts have permitted discovery of information contained in asbestos-related claims when limited to work history, job duties, evidence of asbestos exposure, and medical history.  In those cases, the courts found that because, as here, the subpoenaed information did not include settlement figures or evidence of negotiations or compromise, it did not warrant protection from discovery.").) [3]

Moreover, many states—including New York, Pennsylvania, Delaware, Ohio, Texas, West Virginia, and Kentucky—have adopted case management orders proactively requiring plaintiffs to produce bankruptcy trust claim documents in discovery.  Likewise, several major asbestos litigation jurisdictions have adopted Case Management Orders that order the production of trust claims information submitted by plaintiffs.  In 2012 the San Francisco Superior Court adopted a Case Management Order that requires asbestos plaintiffs to respond to the following Standard Interrogatory:

> ¶ 53. Have YOU filed a claim against a bankruptcy trust?  If "yes," state for each claim:
>     a. The name and address of that trust;
>     b. The date YOUR claim was filed;
>     c. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity

---

[3] *Ferguson* and *National Union Fire Ins.* are attached, respectively, as Exhibits F and G to the Park Decl.

BRYDON HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

7   3:12-cv-00744-BTM-DHB
DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH DEFENDANT JOHN CRANE, INC.'S CIVIL SUBPOENAS TO BANKRUPTCY TRUSTS

that they may be made the subject of a request for production of documents.

(*In re Complex Asbestos Litig.*, Superior Court of the State of California, County of San Francisco, Case No. CGC-84-828684, Case Management Order, ¶ 6(B), Exhibit C (Defendants' Standard Asbestos Interrogatories to Plaintiff, Set One) ¶ 53 (June 29, 2012).) [4]

### E. PLAINTIFF'S MOTION TO QUASH SHOULD BE DENIED TO DISCOURAGE THE PATTERN OF SYSTEMATIC MISREPRESENTATIONS MADE TO INFLATE RECOVERIES

There is a growing recognition that greater transparency is needed between the asbestos bankruptcy trust and civil tort systems. The current bankruptcy trust system often allows plaintiffs' counsel to obtain compensation for asbestos-related personal injuries or death without ever reporting it to defendants named in the civil court system. Some jurisdictions have passed legislation requiring that disclosure of claims be filed and discoverable during the pendency of the civil litigation. (See, e.g., Ohio Rev. Code sec. 2307.952(A)(1)(a) [requiring that a sworn statement disclosing all existing asbestos claims and supporting documents be made within 30 days of the commencement of discovery].) At the federal level, the Furthering Asbestos Claim Transparency ("FACT") Act of 2013 (H.R. 982) passed the House but stalled in the Senate. The FACT Act would require asbestos trusts to publicly disclose information about the settlement terms between trusts and claimants.

Earlier this year, after an extensive trial, the Bankruptcy Court found overwhelming evidence of a "startling pattern of misrepresentation" by asbestos plaintiffs' counsel in connection with asbestos bankruptcy trust claims. (*In re Garlock Sealing Technologies, LLC*, 504 B.R. 71, 76 (Bankr. W.D. N.C. 2014).) Garlock demonstrated repeated occurrences of plaintiffs' counsel withholding evidence of exposure to other asbestos products and delaying filing claims against

---

[4] The San Francisco Superior Court's June 29, 2012 Asbestos Case Management Order and Defendants' Standard Asbestos Interrogatories to Plaintiff are attached as Exhibit H to the Park Decl.

BRYDON HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

8   3:12-cv-00744-BTM-DHB

DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH DEFENDANT JOHN CRANE, INC.'S CIVIL SUBPOENAS TO BANKRUPTCY TRUSTS

bankrupt defendants' asbestos trusts until after obtaining recoveries from Garlock and other viable defendants. The Court found that Garlock presented "substantial evidence of this practice" including the following:

> b. It was a regular practice by many plaintiffs' firms to delay filing Trust claims for their clients so that remaining tort system defendants would not have that information. One plaintiff's lawyer stated his practice as seemingly some perverted ethical duty:
>
>> "My duty to these clients is to maximize their recovery, okay, and the best way for me to maximize their recovery is to proceed against solvent viable non-bankrupt defendants first, and then, if appropriate, to proceed against bankrupt companies."
>
> c. In 15 settled cases, the court permitted Garlock to have full discovery. Garlock demonstrated that exposure evidence was withheld in *each and every one* of them. These were cases that Garlock had settled for large sums. The discovery in this proceeding showed what had been withheld in the tort cases—on average plaintiffs disclosed only about 2 exposures to bankruptcy companies' products, but after settling with Garlock made claims against about 19 such companies' Trusts.

(*Garlock, supra,* 504 B.R. at 84 (emphasis in original).) In the Court's own words, Garlock's historic settlement values were unreliable because they were "infected with the impropriety of some law firms." (*Id.* at 73.)

The Court then cited several cases where exposure evidence was withheld by plaintiffs' counsel, including the following example:

> In a California case involving a former Navy machinist mate aboard a nuclear submarine, Garlock suffered a verdict of $9 million in actual damages. The plaintiff did not admit to any exposure from amphibole insulation, did not identify any specific insulation product and claimed that 100% of his work was on gaskets. Garlock attempted to show that he was exposed to Unibestos amphibole insulation manufactured by Pittsburgh Corning. The plaintiff denied that and, moreover, the plaintiff's lawyer fought to keep Pittsburgh Corning off the verdict form and even affirmatively represented to the jury that there was no Unibestos insulation on the ship. But, discovery in this case disclosed that after that verdict, the plaintiff's lawyers filed 14 Trust claims, including several against amphibole insulation manufacturers. And most important, the same lawyers who represented to the jury that that there was no Unibestos insulation exposure had, seven months *earlier*, filed a ballot in the Pittsburgh Corning bankruptcy that certified "under penalty of perjury" that the

BRYDON HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

9                                3:12-cv-00744-BTM-DHB
DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH DEFENDANT JOHN CRANE, INC.'S CIVIL SUBPOENAS TO BANKRUPTCY TRUSTS

plaintiff had been exposed to Unibestos insulation. In total, these lawyers failed to disclose exposure to 22 other asbestos products. (*Garlock, supra,* 504 B.R. at 84 (emphasis in original).)

The lack of coordination between the two pools of recovery (the bankruptcy trust and civil tort systems) provides an ideal environment for manipulation of evidence, as demonstrated in *Garlock*. Plaintiffs' Motion to Quash should therefore be denied to discourage the pattern of systematic misrepresentations made to inflate recoveries.

### III. CONCLUSION

Foster Wheeler is entitled to discovery related to Plaintiff's bankruptcy trust claims. Although Plaintiff may attempt to avoid this obligation by, among other things, deferring filing certain trust claims until after this civil action is concluded, she should not be allowed to withhold claims that have already been filed on her or Decedent's behalf. Those claims are not privileged and confidential, as Plaintiff argues. Instead, allowing Plaintiff to withhold the claims only serves to encourage the pattern of abuse of procedure and lack of transparency found by the *Garlock* Court, which is effectively designed to increase liability payments out of proportion to fault.

For the foregoing reasons, Foster Wheeler respectfully requests that this Court deny Plaintiff's Motion to Quash.

Dated: May 9, 2014                              BRYDON HUGO & PARKER

                                                By:  /s/ Charles S. Park
                                                Edward R. Hugo
                                                Charles S. Park
                                                135 Main Street, 20th Floor
                                                San Francisco, CA  94105
                                                Telephone: (415) 808-0300
                                                Facsimile:  (415) 808-0333
                                                Email: service@bhplaw.com
                                                Attorneys for Defendant
                                                FOSTER WHEELER ENERGY CORPORATION

BRYDON HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

10                                                    3:12-cv-00744-BTM-DHB
DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH DEFENDANT JOHN CRANE, INC.'S CIVIL SUBPOENAS TO BANKRUPTCY TRUSTS

<u>Willis, Donald & Viola</u>
USDC - Southern District of CA Case No. 12cv0744-BTM (DHB)

## PROOF OF SERVICE

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My electronic notification address is service@bhplaw.com and my business address is 135 Main Street, 20th Floor, San Francisco, California 94105. On the date below, I served the following:

Defendant Foster Wheeler Energy Corporation's Opposition to Plaintiff's Motion for an Order to Quash Defendant John Crane, Inc.'s Civil Subpoenas to Bankruptcy Trusts; and

Declaration of Charles S. Park In Support of Defendant Foster Wheeler Energy Corporation's Opposition to Plaintiff's Motion for an Order to Quash Defendant John Crane, Inc.'s Civil Subpoenas to Bankruptcy Trusts

on the following:

| | |
|---|---|
| Napoli Bern Ripka Shkolnik & Associates, LLP<br>111 Corporate Drive, Suite 225<br>Ladera Ranch, CA 92694<br>Fax: 949-429-0892 | Electronic Service List |

    x    By transmitting electronically the document(s) listed above as set forth on the electronic service list on this date.

I declare under penalty of perjury that the above is true and correct. Executed on May 9, 2014, at San Francisco, California.

_____
Kristina Wood

1