UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WILLIS and VIOLA WILLIS,<br><br>     Plaintiffs,<br><br>v.<br><br>BUFFALO PUMPS, INC., et al.,<br><br>     Defendants. | Case No. 12cv744-BTM (DHB)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO QUASH, AND MODIFYING JOHN CRANE INC.'S SUBPOENAS TO BANKRUPTCY TRUSTS**<br><br>**[ECF No. 320]** |

On April 25, 2014, Plaintiff filed a Motion to Quash Defendant John Crane Inc.'s Subpoenas to Bankruptcy Trusts.  (ECF No. 320.)  Defendants John Crane Inc. and Foster Wheeler Energy Corporation have opposed the motion (ECF Nos. 327, 328) and Plaintiff has filed a Reply.  (ECF No. 330.)  Having considered the arguments of the parties and the applicable law, the Court hereby **GRANTS IN PART** Plaintiff's Motion to Quash, and **MODIFIES** Defendant John Crane Inc.'s subpoenas to the Bankruptcy Trusts, as set forth below.

## I. BACKGROUND

On April 3, 2014, Defendant John Crane Inc. served subpoenas to various asbestos bankruptcy trusts requesting the following documentation:

"Any and all correspondence between your office and Donald Willis (DOB:

2/20/1942, DOD: 5/5/2013 SSN: []), or anyone acting on his behalf, but not limited to any claims, settlements, requests, documents, or files."

(ECF No. 320-1 at 9.)  Plaintiff has moved to quash the subpoenas.

## II. DISCUSSION

Plaintiff initially argued the subpoenas should be quashed on grounds of privacy and confidentiality of settlement information.  Defendants oppose Plaintiff's motion, citing numerous cases that hold claims submitted to bankruptcy trusts are discoverable in asbestos injury cases.  In her reply, Plaintiff concedes that much of the information requested by the subpoenas is relevant and discoverable.  (ECF No. 330 at 2, 7.)  Plaintiff acknowledges that all claim forms and related documents submitted *to* the bankruptcy trusts are subject to discovery.  However, Plaintiff argues documents *from* the bankruptcy trusts to Plaintiff are not discoverable to the extent they contain settlement negotiations, or settlement amounts.

Federal and state courts have routinely held that claims submitted to asbestos bankruptcy trusts are discoverable.  *See Volkswagen of America v. Superior Court*, 139 Cal.App.4th 1481,1493-96 (Cal. Ct. App. 2006); *National Union Fire Ins. Co. v. Porter Hayden Co.*, 2012 WL 628493 (D. Md. Feb. 24, 2012); *Ferguson v. Lorillard Tobacco Co. Inc.*, 2011 WL 5903453 (E.D. Pa. Nov. 22, 2011); *Shepherd v. Pneumo-Abex,LLC*, 2010 WL 3431633 (E.D. Pa. Aug. 30, 2010); *In re Asbestos Products Liability Litigation (No. VI)*, 2009 WL 6869437 (E.D. Pa. Sept. 18, 2009).  However, the courts have also recognized a distinction between claim submissions, and settlement offers or other documents received from the bankruptcy trusts.  Courts have generally found that documents provided from the trusts to Plaintiffs regarding offers of compromise or settlement amounts are not discoverable.  *See Asbestos Products Liability Lit.*, 2009 WL 6869437 at *1 (compelling the plaintiffs to produce claim forms and other documents submitted to bankruptcy trusts, but allowing the plaintiffs to withhold documents that contained "specific instances of offers of compromise, as opposed to factual assertions of economic loss."); *Shepherd*, 2010 WL 3431633 at *2 (granting the defendants' request for bankruptcy trust claims submitted by the plaintiff but allowing the redaction of any reference to offers of compromise or ultimate

1  settlement amounts); *National Union Fire Ins. Co.*, 2012 WL 628493 at *4 (denying motion

2  to quash subpoenas to bankruptcy trusts where the subpoenaed information did not include

3  settlement figures or evidence of negotiations or compromise); *Ferguson*, 2011 WL

4  5903453 at *1 (ordering the plaintiff to respond to discovery seeking claims submitted to

5  bankruptcy trusts, but allowing the plaintiff to redact references to offers of compromise or

6  settlement amounts).

7         The Court finds the reasoning of these cases sound and applicable to this case.

8  Accordingly, the Court finds all documents Plaintiff submitted to the bankruptcy trusts,

9  including claim forms, supporting documentation, and supplemental information is

10  discoverable.   However, the subpoenas also specifically seek documentation regarding

11  "settlements."  (ECF No. 320-1 at 9.)  Because specific instances of offers to compromise

12  are generally not discoverable, the Court finds it is not appropriate for Defendants to request

13  settlement information from the trusts.  Federal Rule of Civil Procedure 45(d)(A) provides

14  that a court may modify a subpoena as an alternative to quashing a subpoena entirely.

15  Fed.R.Civ.P. 45(d)(A). Accordingly, the Court will modify the subpoenas to exclude

16  requests for "settlements."

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

# III. CONCLUSION

Based on the foregoing, Plaintiff's Motion to Quash is GRANTED IN PART. Accordingly, IT IS HEREBY ORDERED that:

1.   John Crane Inc.'s April 3, 2014 subpoenas directed to the bankruptcy trusts[1] are modified to permit production of the following items:

> Any and all correspondence between your office and Donald Willis (DOB: 2/20/1942, DOD: 5/5/2013 SSN: []), or anyone acting on his behalf, but not limited to any claims, requests, documents, or files. No settlement offers, or other documents related to settlements or offers to compromise should be produced.

2.   Defendant John Crane Inc. shall serve this order on the bankruptcy trusts listed in Plaintiff's motion to compel within five (5) days of the date of service of this order.

3.   The bankruptcy trusts shall respond to the subpoenas no later than fourteen (14) days following receipt of service of this order.

**IT IS SO ORDERED.**

DATED:  June 2, 2014

DAVID H. BARTICK
United States Magistrate Judge

---

[1]Specifically, Defendant John Crane Inc. served subpoenas on the following entities:
ABB Lummus Global Inc., Lummus 524(g) Asbestos Trust;
Armstrong World Industries Asbestos Personal Injury Settlement Trust;
Celotex Asbestos Settlement Trust;
Eagle Picher Trust;
Federal-Mogul Asbestos Personal Injury Trust;
G-I Holdings, Inc. Asbestos Personal Injury Settlement Trust;
Manville Personal Injury Settlement Trust;
Owens Corning/Fibreboard Asbestos Personal Injury Trust;
Plibrico Asbestos Trust;
UNARCO Trust;  and
United States Gypsum Asbestos Injury Settlement Trust.
(*See* ECF No. 320-1 at 2-3.)