1

2

3

4

5

6

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONALD WILLIS AND VIOLA WILLIS | ) | Case No.: 12cv744 BTM (DHB) |
| | ) | |
| | ) | **ORDER OVERRULING** |
| Plaintiffs, | ) | **DEFENDANT FOSTER WHEELER'S** |
| | ) | **AND PLAINTIFFS' EVIDENTIARY** |
| v. | ) | **OBJECTIONS** |
| | ) | |
| BUFFALO PUMPS INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

In what can only be characterized as a shotgun approach, Defendant Foster Wheeler has filed an eighty page document containing sixty-four objections to Plaintiffs' evidence submitted in opposition to Defendant's motion for summary judgment. (Doc. 280-2). Each numbered objection, in turn, contains numerous sub-objections, creating a total of 495 objections.

For example, Objection No. 52 focuses on the deposition transcript of Plaintiff Donald Willis, arguing that the evidence is, among other things, irrelevant, hearsay,

1

1   lacks foundation, lacks authentication, more prejudicial than probative, vague,

2   ambiguous, and overbroad. Not wanting to miss anything, Defendant also objects that

3   Plaintiffs have not shown that Mr. Willis is unavailable to testify. The Court is

4   confident that Mr. Willis is unavailable; he is deceased.[1] While federal subpoena

5   power is broad, Mr. Willis is now beyond this Court's jurisdiction. Unfortunately, the

6   vast majority of the other 494 objections are equally meritless.

7        Nonetheless, the Court will briefly address a few of Defendant's arguments.

8   Defendant's first objection, labeled their "general objections," raise two issues. First,

9   Defendant contends that Plaintiffs' combined brief and separate statement of facts

10   exceed the thirty-five-page limit imposed by the Court. Second, Defendant argues

11   that several of the exhibits attached to Plaintiffs' separate statement are not

12   referenced anywhere in the opposition or separate statement, and thus are misleading,

13   irrelevant, and more prejudicial than probative.

14        The Court notes Plaintiffs' evasion of the page limitation and the Court's order

15   to comply, and also Plaintiffs' attachment of uncited and seemingly irrelevant

16   exhibits, but Plaintiffs' violations are technical and Defendant has not been

17   substantially prejudiced as a result. Accordingly, Defendant's general objection is

18   overruled. However, any further violations of page limitations will result in the

---

[1] This fact can hardly come as a surprise to Defendant. Plaintiffs filed a notice of
19   death with all parties on May 7, 2013. (Doc. 209). Defendant Foster Wheeler filed its
own confirmation of the death. (Doc. 210). The instant objections were filed over
20   seven months later, on December 13, 2013. (Doc. 280-2).

1   offending papers being struck.

2       Defendant also objects to a number of exhibits on the basis that they are

3   inadmissible in their current form. For example, in Objection No. 41, Defendant

4   objects to the deposition transcript of Martin Kraft, arguing that it is inadmissible as

5   former testimony under Federal Rule of Evidence 804(b)(1) because "Plaintiffs have

6   made no showing that the deponent . . . is legally or factually 'unavailable.'"

7       However, when resolving a motion for summary judgment, the question of

8   admissibility is one of content, not form. See Fraser v. Goodale, 342 F.3d 1032,

9   1036-37 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the

10  admissibility of the evidence's form. We instead focus on the admissibility of its

11  contents."). At trial, Plaintiffs may be able to admit into evidence the content of Mr.

12  Kraft's deposition transcript by calling him to testify, or by establishing the elements

13  for the former testimony exception. Accordingly, the content of the evidence is

14  potentially admissible, even if its current form is not.

15      In conclusion, the Court finds that Defendant's objections are meritless and

16  premature at this stage. Defendant's objections are OVERRULED without prejudice.

17  At trial, Defendant will be able to renew their objections if Plaintiffs fail to present

18  their evidence in admissible form.

19      The Court also notes that Plaintiffs filed evidentiary objections to Defendant's

20  expert declarations in support of the government contractor defense and moved to

3

1   strike portions of the same declarations. (Doc. 272-49). However, because the Court

2   is denying Defendant's motion for summary judgment on that issue, Plaintiff's

3   objections are OVERRULED and motion to strike DENIED as moot.

4

5   IT IS SO ORDERED.

6   Dated: July 18, 2014

    _____
    BARRY TED MOSKOWITZ, Chief Judge
    United States District Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

4