UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WILLIS AND VIOLA WILLIS<br><br>Plaintiffs,<br><br>v.<br><br>BUFFALO PUMPS INC., et al.<br><br>Defendants. | Case No.: 12cv744 BTM (DHB)<br><br>**ORDER DENYING DEFENDANT JOHN CRANE'S MOTION FOR RECONSIDERATION** |

Defendant John Crane, Inc. ("John Crane") has filed a motion for reconsideration of this Court's order denying John Crane's motion for summary judgment. (Doc. 360). For the following reasons, the motion for reconsideration is DENIED.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A party's failure to file documents in connection with the underlying motion or opposition does

not turn late-filed documents into "newly discovered evidence." Id. "Evidence is not 'newly discovered" under the Federal Rules if it . . . could have been discovered with reasonable diligence." Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.3d 208, 212 (9th Cir. 1987) (citations omitted). Furthermore, "the newly discovered evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case." Id. at 211.

Defendant argues that it has located new evidence that another defendant in this case, Crane Co., produced gasket material that was branded "Crane," and thus Plaintiff's identification that he was working with "Crane" products could plausibly mean he worked with either of Defendants' products. Therefore, he cannot prove threshold exposure to John Crane's products by a preponderance of the evidence.

Defendant's new evidence is a series of images from a Crane Co. catalog published in 1960 (Doc. 360-5, Russell Decl. Exhibit C), and images from an unknown source culled from another asbestos-related product liability action in California Superior Court, Schildknegt v. Air & Liquid Sys. Corp., Case No. BC 503723. (Doc. 360-6, Russell Decl. Exhibit D). The exhibits appear to depict gasket material that is branded both "Cranite" and "Crane," or "Crane Co."

Defendant has failed to explain why it could not have discovered this evidence with reasonable diligence and produced it in support of its motion for summary judgment. Notably, Defendant filed their motion for summary judgment fifty-three years after Exhibit C was published in 1960. Moreover, even if the evidence could not have been discovered with due diligence before Defendant filed their motion for summary judgment, the Court nonetheless finds that it does not change the outcome of Defendant's motion for the reasons outlined in the Court's denial of Defendant's motion. (Doc. 356). Furthermore, Defendant has failed to advance any evidence that Crane Co. supplied the gaskets depicted in the exhibits to the U.S. Navy during the relevant period. The fact that Crane Co. manufactured such gaskets at some point in its history, standing alone, does not meaningfully impact the Court's analysis.

Accordingly, the evidence is not "newly discovered" and does not warrant reconsideration of the Court's order denying Defendant's motion for summary judgment.

Therefore, John Crane's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: August 18, 2014

BARRY TED MOSKOWITZ, Chief Judge
United States District Court